UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GERTRUD ZAGEL,<br>    Plaintiff,<br><br>vs.<br><br>ROBERT NIELSEN, an individual; SERVUS LIMITED, a Gibraltar Corporation; ELLI NIELSEN, an individual; and STEEN NIELSEN, an individual,<br><br>    Defendants. | CASE NO. C05 01540 RMW<br><br>**STIPULATION FOR PROTECTIVE ORDER** AND ADDENDUM THERETO |

It is HEREBY STIPULATED AND AGREED by the parties hereto that:

## I. FINDINGS

It is desirable for the parties and their respective counsel to coordinate efforts and to exchange information for purposes of this action in the most expeditious fashion possible, with a minimum of burden, expense, and delay.

This Stipulation for Protective Order (hereinafter "Protective Order") is intended to protect confidential and proprietary information and documents which may be sought in discovery, while ensuring that the parties may obtain and pursue discovery with a minimum of delay and expense.

Fed. R. Civ. P. 26(c) provides for the issuance of protective orders limiting the disclosure of confidential information in appropriate circumstances.

- 1 -

Stipulation for Protective Order
Zagel v. Nielsen, et al., Case No. C05 01540 RMW

SF-95592 v1 1400035-0001

1  The entry of this Protective Order will permit discovery to proceed more expeditiously and
2  with less expense by, among other things, providing protection of confidential information.

## II. PROTECTION OF CONFIDENTIAL MATERIAL

4   1.  The following words have the following meanings for the purposes of this order:

5   a.  "Documents" means all documents, and the information contained therein,
6   including but not limited to the following:

7   i)  documents produced in response to document requests or
8       subpoenas;
9   ii) interrogatory answers, including documents referred to in such
10      answers;
11  iii) deposition transcripts, including exhibits; and
12  iv) admissions in response to requests for admissions.

13  b.  "Confidential Material" means Documents, or portions thereof, which the
14  Designator determines contains, constitutes, or reveals information for which
15  protection is warranted under FRCP 26(c).

18  c.  "Producer" means a party to this action or a non-party to this action that
19  produced Documents during discovery in this action.

20  d.  "Designate" means placing a confidentiality legend on a Document as
21  described below.

22  e.  "Designator" means any person or entity that Designates Documents as
23  Confidential Material.

24  2.  Designation of Documents as Confidential Material:
25  a.  A Designator shall act in good faith to designate as "CONFIDENTIAL" only
26  those portions of Documents that contain information for which protection
27  is warranted under FRCP 26(c).

28  - 2 -

1    b.    A party may Designate ~~Documents as "CONFIDENTIAL" or~~ Confidential Material ~~PM~~
2    "CONFIDENTIAL FOR ATTORNEYS' EYES ONLY" under the terms of this Protective Order ~~if~~ only if the potential injury from disclosure is substantial ~~the party believes that such material contains, constitutes, or reveals information that is not publicly~~ and cannot be avoided through means less restrictive of ~~available, a confidential trade secret, or other personal, proprietary, or confidential information that~~ a party's access to his or her lawyer. See Addendum Hereto. ~~requires the protection afforded herein~~. The designation of material as such shall not constitute a presumption that the material has been appropriately designated and is without prejudice to the right of a party to challenge such designation;

   c.    Designation of Documents as Confidential Material shall be made by placing one of the following two legends (hereinafter referred to as the "Confidential Legend") on the face of the document and on each page so designated:

   i.    **"CONFIDENTIAL,"** or

   ii.   **"CONFIDENTIAL FOR ATTORNEYS' EYES ONLY."**

   d.    A party or a Producer shall designate a Document as Confidential Material by placing the Confidential Legend on the Document before serving it;

   e.    Designation of responses to interrogatories or requests for admissions and the information contained therein as Confidential Material shall be made by placing the Confidential Legend on each page of any response containing information designated as Confidential Material before service of the response;

   f.    A party may designate deposition testimony, including exhibits, as Confidential Material if the deponent is or was employed or retained by the party and testifies about Confidential Material of that party. Designation of deposition testimony, including exhibits, as Confidential Material shall be made by placing a statement to such effect on the record in the course of the deposition of any such person, or by notifying all parties in writing within ten (10) days of the Designator's receipt of the transcript. If such designation is made during the deposition, the Court reporter shall place the Confidential Legend on each page of the transcript containing material designated as Confidential Material. If designation is made during the 10-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or

- 3 -

1 | thereafter shall place the Confidential Legend at the top of each page so designated and each
2 | photocopy thereof.
3 |      g.    If Confidential Material, or quotes from or references that would reveal
4 | Confidential Materials, are to be included in papers filed with or otherwise disclosed to the Court, the
5 | Confidential Legend shall be placed on the cover page of each such papers, and such papers shall be ~submitted to the court with a request to seal under Civil Local Rule~
6 | ~filed under seal and shall not be disclosed to any person unless ordered by the Court.~ 79-5. See Addendum Hereto. The procedures
7 | necessary to preserve the confidentiality of Confidential Materials presented at trial of this action
8 | shall be considered at or prior to the beginning of such trial.
9 |      h.    Designations of Documents other than those mentioned in paragraphs 2(c) -
10 | 2(f) of this Order as Confidential Material shall be made by placing the Confidential Legend on the
11 | face of each such Document.
12 |      3.    Confidential Material subject to this Order shall be used solely for the purpose of this
13 | action.
14 |      4.    See Paragraph 8. ~Documents or information need not be treated as Confidential Material by any party to~
15 | ~whom the information or Documents are produced if the Documents or information (i) was in the~
16 | ~possession or existed in the files of that party prior to production in this action or (ii) are received at~
17 | ~any time from a non-party in rightful possession of such information and under no obligation not to~
18 | ~disclose; provided, however, that, notwithstanding (i) and (ii) above, Documents or information in the~
19 | ~possession of any party, or non-party, or its attorneys, by virtue of a binding confidential relationship~
20 | ~or that is subject to a protective order or received in the course of settlement discussions in this or any~
21 | ~other action, shall remain confidential and shall continue to be subject to the use and disclosure~
22 | ~restrictions set forth in the protective order in that other litigation.~
23 |      5.    All Documents Designated as "CONFIDENTIAL" shall be kept in a confidential
24 | manner, shall be used only in connection with this action, and may be disclosed only to and among
25 | the following persons, and only to the extent necessary for such recipient to perform assigned tasks:
26 |      a.    those parties who are individuals along with attorneys for any of the parties,
27 | including in-house counsel who are participating or assisting in the conduct of this action, employees
28 | - 4 -

**Stipulation for Protective Order**
*Zagel v. Nielsen, et al., Case No. C05 01540 RMW*

SF-95592 v1 1400035-0001

1 | or agents of any party, or employees of any party's attorneys who are working under such attorneys'
2 | supervision;
3 |   b. any person who otherwise would be entitled to review said Documents as a
4 | result of contractual obligations or local, state, federal or other law, provided, however, that the party
5 | disclosing said Documents pursuant hereto advises all other parties, in writing, of the production
6 | demand thirty (30) days in advance of such production, to the extent practicable;
7 |   c. any current or former director, officer, employee, or agent of a party who is
8 | required by such party to work directly on this action, including anyone responsible for the
9 | supervision or settlement of this action, but only in connection with such work;
10 |   d. any person not employed by a party or retained by a party or its counsel, of
11 | whom testimony is taken or may be taken in this action, except that such a person may see and retain
12 | copies of said Documents only during his or her testimony, in preparation therefore, or in discussions
13 | of possible testimony, and may not thereafter retain copies of any said Documents;
14 |   e. any person not employed by a party who is expressly retained by the party or
15 | by an attorney described in paragraph 7(a) above to assist in preparation of this action, including but
16 | not limited to consultants and experts;
17 |   f. The Court, Court personnel, and Court reporters or their personnel, involved in
18 | the adjudicative process.
19 |  6. All Documents Designated as "CONFIDENTIAL FOR ATTORNEYS EYES ONLY"
20 | shall be kept in a confidential manner, shall be used only in connection with this action, and may be
21 | disclosed only to and among the following persons, and only to the extent necessary for such
22 | recipient to perform assigned tasks:
23 |   a. attorneys for any of the parties, but not including in-house counsel who are
24 | participating or assisting in the conduct of this action, employees or agents of any party, or
25 | employees of any party's attorneys who are working under such attorneys' supervision;
26 |   b. any person who otherwise would be entitled to review said Documents as a
27 | result of contractual obligations or local, state, federal or other law, provided, however, that the party
28 | 

- 5 -

disclosing said Documents pursuant hereto advises all other parties, in writing, of the production demand thirty (30) days in advance of such production, to the extent practicable;

    c.    any person not employed by a party who is expressly retained by the party or by an attorney described in paragraph 7(a) above to assist in preparation of this action, including but not limited to consultants and experts, provided that the party intending to make such disclosure must first serve on all parties notice of such intent, and may not make the disclosure until the following procedure as been exhausted. Any party may object to such disclosure by serving a notice of objection within five (5) days of service of the intent to disclosure. Upon service of such notice of objection, the party intending to make the disclosure must file a motion for a determination that the material may be disclosed.

    d.    The Court, Court personnel, and Court reporters or their personnel, involved in the adjudicative process.

7.    Any person who discloses Confidential Material to any person identified in paragraphs 5 or 6 shall advise each person to whom such disclosure is made of the terms of this Protective Order. If Confidential Material is disclosed to a person identified in paragraph 5(e) or 6(c), that person shall sign a written Certification ("Consent Agreement") that he is familiar with the contents of this Protective Order and consents to be bound by its terms. A form of such Consent Agreement is attached hereto as Exhibit A. A copy of each Consent Agreement so obtained shall be retained by the party that discloses Documents Designated as "Confidential" to such person. No party shall be required to produce such Consent Agreement to any other party except upon an order of the Court.

8.    Any party may object in good faith, at any time, to the designation of any Documents as Confidential Material by serving a written notice of objection to such designation upon all parties. Such notice of objection shall identify specifically the Documents, material or information as to which the objecting party wishes to have the designation removed and shall set forth the reasons for such removal. The Documents, material or information subject to the objection will then lose the protection of this Protective Order unless the Designator, within ten (10) days after service of such notice of objection, files and serves a motion for a determination that the material should be protected

1  as Confidential Material under the terms of this Protective Order. If such a motion is timely filed and
2  served, the designated material in question shall continue to be treated as Confidential Material
3  subject to the terms of this Protective Order until the Court orders otherwise. Calculation of time
4  periods under this paragraph shall be governed by Fed. R. Civ. P. 6.

5      9.   The restrictions set forth in Paragraphs 5 and 6 on the use of Confidential Material do
6  not apply to any use by the Producer of such Confidential Material.

7      10.  Within ninety (90) days after conclusion of this action, whether by dismissal, final
8  judgment, completion of appeal, or settlement, counsel of record shall, upon written request from the
9  Producer or Designator, return to the Producer or Designator all Confidential Material covered by this
10 Protective Order or, in the alternative, at the option of the ~~Producer or~~ Designator [PM], shall immediately
11 after that time, destroy all such Confidential Material and provide, upon written request of the
12 Producer or Designator, the Producer and [PM] ~~or~~ Designator with a sworn declaration to that effect.

13     11.  Originals and copies of deposition transcripts, responses to interrogatories, responses
14 to requests for admissions, and responses to requests for production of documents in this action shall
15 not be routinely filed with the Court. Any party may offer any Confidential Material in connection
16 with motions or briefs, or at hearings, or trial in this action. Any Confidential Material submitted to,
17 presented to, or filed with the Court prior to trial shall be placed in a sealed envelope or other [PM]
18 appropriate container by the party making the submission and shall ~~not be made available to persons~~ be submitted to the [PM] court along with a request to seal under Civil Local Rule 79-5. [PM]
19 ~~other than as authorized by this Protective Order.~~ The envelope or container shall bear the following
   See Addendum Hereto. [PM]
20 statement:

21         **CONFIDENTIAL MATERIALS. Subject to Protective Order in ZAGEL**
22         **V. NIELSEN, ET AL., NO. C05 01540 RMW. This envelope [or**
23         **container] contains documents filed in this case by [name of party] and is**
24         **not to be opened nor the contents to be displayed nor revealed except by**
25         **the Court or by order of the Court.**

26 Confidential Material shall not lose its confidential status because it is used in any Court proceeding
27 herein, unless it is publicly disclosed. [PM]

28                                      - 7 -

12. If a Producer produces "Confidential Material" without designating it as such and subsequently fails to designate a document as "Confidential Material" pursuant to Section 2 of this Protective Order, the Producer may designate such material as "Confidential Material" as follows:

   a. Within thirty (30) days of the discovery of its failure to designate, the Producer must give written notice to all parties who received copies of the produced Documents that the Producer claims said Documents, in whole or in part, to be Confidential Material and must state the nature of the confidentiality; and

   b. Upon receipt of such notice, all parties who have received copies of the produced Documents shall promptly use reasonable efforts to place the Confidential Legend on the Documents designated as Confidential Material;

   c. Challenges to the designation of information as Confidential Material in accordance with the terms of this paragraph shall be handled pursuant to the procedure set forth in Section 9 of this Protective Order.

13. Neither the provisions of this Protective Order, nor any designation or failure to designate any Document as Confidential Material hereunder shall, in this action or any other litigation, constitute a *per se* waiver of any party's assertion of confidentiality with respect to any other Document covered or not covered by this Protective Order.

14. ~~Notwithstanding any other provision of this Protective Order, at any time, all of the parties in this action may, by written agreement, designate any Documents as Confidential Material subject to the protections herein.~~

15. This Protective Order and the agreements embodied herein shall survive the termination of this action, whether by dismissal, final judgment, completion of appeal or settlement, and shall continue in full force and effect thereafter. Once the Court has signed this Protective Order, the Court shall retain jurisdiction over any disputes arising under this Order, whether they occur before or after such termination.

16. Any party may move the Court for an order modifying, amending, or dissolving the terms of this Protective Order.

17. The provisions of this Protective Order shall apply to any Documents produced in this action before or after the date this Protective Order is executed.

18. This Protective Order is binding on the signatories hereto pending the Court's adoption of this or an amended Protective Order. Pending submission to the Court, facsimile signatures of counsel will be binding. Counsel shall provide original signatures as soon as reasonably possible.

Respectfully submitted,

Kirkpatrick & Lockhart Nicholson Graham LLP

Dated: July 6, 2005   By: _____
Jon Michaelson
Linda Larson Usoz
Philippe A. Toudic
Dylan B. Carp
Attorneys for Defendant
STEEN NIELSEN

Law Offices of Alan Nudelman

Dated: July ___, 2005   By: _____
Alan W. Nudelman
Attorneys for Defendant
SERVUS LIMITED

Hopkins & Carley, A Law Corporation

Dated: July ___, 2005   By: _____
Robert A. Christopher
Attorneys for Defendant
ELLI NEILSEN

| | |
|---|---|
| 1 | Law Offices of Luka S. Misetic |
| 2 | |
| 3  Dated: July ___, 2005 | By: _____ |
|   | Luka S. Misetic |
| 4 | Attorneys for Plaintiff |
|   | GERTRUD ZAGEL |
| 5 | |
| 6 | McManis Faulkner & Morgan |
| 7 | |
|   Dated: July ___, 2005 | By: _____ |
| 8 | James McManis |
|   | Attorneys for Plaintiff |
| 9 | GERTRUD ZAGEL |

IT IS SO ORDERED.

Dated: ~~July~~ Aug. 5, 2005

_____
~~Ronald M. Whyte~~ Patricia V. Trumbull
U.S. ~~District~~ Judge
Magistrate

- 10 -

Stipulation for Protective Order
Zagel v. Nielsen, et al., Case No. C05 01540 RMW

SF-95592 v1 1400035-0001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| GERTRUD ZAGEL,<br>　　　　　　Plaintiff,<br><br>vs.<br><br>ROBERT NIELSEN, an individual; SERVUS LIMITED, a Gibraltar Corporation; ELLI NIELSEN, an individual; and STEEN NIELSEN, an individual,<br><br>　　　　　　Defendants. | CASE NO. C05 01540 RMW<br><br>**CONSENT AGREEMENT** |

I, the undersigned, have read and understand the terms and conditions of the Stipulation and Protective Order <ins>and Addendum Thereto ("Protective Order")</ins> of the parties in the above-captioned matter entered _____, 2005, and I consent to be bound by its terms as follows:

(1) I agree that I will use and/or disclose "Confidential Materials", as defined in the Protective Order, only as permitted under the terms of the Protective Order and will personally protect the confidentiality of the Documents so designated.

(2) I agree to return all Confidential Materials to the firm of attorneys who provided them to me after the conclusion of the captioned case, whether by dismissal, final judgment, completion of appeal, or settlement, or, in the alternative, at the option of the party or attorneys who provided materials to me, and at the request of the party or firm of attorneys providing such Confidential

-1-

1  Materials, I will after that time destroy all such Confidential Materials and provide such firm with a
2  sworn affidavit to that effect.
3      (3)    I further consent to the personal jurisdiction of the United States District Court for the
4  Northern District of California for any and all purposes relating to the enforcement of the Protective
5  Order, but I do not consent to the jurisdiction of the court for any other purposes.
6
7  Dated: _____   _____

- 2 -

**Exhibit A – Consent Agreement**
**Zagel v. Nielsen, et al., Case No. C05 01540 RMW**

SF-95592 v1 1400035-0001

# ADDENDUM TO PROTECTIVE ORDER
### Zagel v. Nielsen, et al.
### CASE NO. 05-1540

IT IS HEREBY ORDERED as follows:

DESIGNATION OF DOCUMENTS

Before designating any specific information "Confidential" or "Confidential -- Attorneys Only," the designating party's counsel shall make a good faith determination that the information warrants that level of protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel should note that not all confidential documents warrant the "Confidential -- Attorneys Only" level of protection. This heightened level of protection is appropriate only for the most highly sensitive information; it is warranted only if "the potential injury is substantial and cannot be prevented through the use of any device less restrictive of a party's access to his lawyer." *Doe v. Dist. of Columbia*, 697 F.2d 1115, 1120 (D.C. Cir. 1983). Thus, the court expects the parties to use this designation sparingly. *See, e.g., THK America v. NSK Co., Ltd.*, 157 F.R.D. 637 (N.D. Ill. 1993) (revoking party's right to use "attorneys' eyes only" designation as sanction for bad faith overuse of that designation).

Counsel are cautioned that over-designation of documents may result in sanctions. The filing of documents designated "Confidential" or "Confidential -- Attorneys' Eyes Only" puts an additional burden on the court. Often the party filing the document is not the designating party. In that situation the party does not have the option to unilaterally de-designate documents before submitting them to the court, and has no choice but to request they be filed under seal. Over-designating documents can thus result in unnecessary work for the court in sorting the documents that deserve sealing from those that do not, as well as additional work for the parties who must then re-file public versions of the non-confidential documents. The best way to avoid this result is for counsel to use best efforts to make appropriate designations at the outset, and to promptly de-designate a document when it comes to counsel's attention that the document is over-

designated.

REQUESTS TO FILE DOCUMENTS UNDER SEAL

Any party wishing to file any document(s) designated "Confidential" or "Confidential -- Attorneys' Eyes Only" shall lodge the document(s) along with a Request for Sealing pursuant to Civil Local Rule 79-5. The document(s) shall be submitted in an appropriate envelope labeled with the case name and number and the title of the document(s). The filing party shall also electronically file a redacted copy of the document with all "Confidential" or "Confidential -- Attorneys' Eyes Only" information omitted. Unless otherwise ordered by the Court, **WITHIN FIVE DAYS AFTER ANY REQUEST FOR SEALING IS FILED,** any party claiming confidentiality for the information for which sealing is requested shall serve and file declaration(s) from competent witnesses setting forth specific facts demonstrating that sealing is warranted under rule 26(c). The parties are cautioned that "Broad allegations of harm, however, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992). Further, the factual showing must address separately each portion of the materials that the party contends warrants protection. *See* Civil Local Rule 79-5.

Dated: 8/5/05

PATRICIA V. TRUMBULL
United States Magistrate Judge